IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**DEBRA KROUPA-WILLIAMS,** §
 §
    Plaintiff, §
 §
v. § Civil Action No. **3:17-CV-2297-L**
 §
**WELLS FARGO BANK, N.A.,** §
**SUBSTITUTE TRUSTEE,** §
 §
    Defendant. §

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Doc. 12), filed May 30, 2018. For the reasons that follow, the court **grants** Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Doc. 12) and **dismisses with prejudice** this action.

### I.    Factual and Procedural Background

Plaintiff Debra Kroupa-Williams ("Plaintiff") originally brought this action in state court on July 31, 2017, against Defendant Wells Fargo Bank, N.A. Substitute Trustee ("Defendant") for the sole purpose of preventing the foreclosure of the property at issue. For support, Plaintiff alleged that Defendant violated section 51.002 of the Texas Property Code and Texas Rule of Civil Procedure 736 and breached the mortgage contract by failing to satisfy certain prerequisites, including providing notice, before attempting to foreclose on the property. She also sought injunctive relief to prevent the foreclosure of the property at issue. On August 29, 2017, the action was removed to federal court on the basis of diversity jurisdiction. On May 30, 2018, Defendant moved for summary judgment on all claims and relief sought by Plaintiff. Plaintiff, who is represented by counsel, did

not file a response to the summary judgment motion. A Joint Status Report filed by the parties on September 4, 2018, states as follows:

> 1. In her Complaint, Plaintiff seeks injunctive relief to preclude an attempted foreclosure sale of the real property located at 7631 Meadow Road, Dallas, Texas 75230 (the "Property"). Plaintiff alleges in the Complaint that she was not named as an obligor in a Texas Rule of Civil Procedure 736 action regarding the Property when she should have been, and did not receive a notice of foreclosure sale. *See* Complaint ¶¶ 13-15. Based on these allegations, Plaintiff asserts causes of action against Wells Fargo for violation of Texas Property Code Section 51.002, failure to comply with Texas Rule of Civil Procedure 736, breach of contract, and further seeks injunctive relief to preclude the foreclosure of the Property. *Id.* ¶¶ 18-39. Plaintiff further asserts in the Complaint that she received offers for purchase of the Property in excess of the amount needed to pay off Wells Fargo's loan, and needed time to complete the sale of the Property.
>
> 2. Subsequently, Wells Fargo's loan on the Property was paid off in January 2018. The Property was not foreclosed. Since Plaintiff's claims and allegations centered on foreclosure notice defects and sought relief to preclude foreclosure of the Property, it is Wells Fargo's position that the payoff of the loan on the Property has mooted Plaintiff's lawsuit. In turn, Counsel for Wells Fargo reached out to counsel for Plaintiff regarding a dismissal of the lawsuit. Plaintiff's counsel has not responded to Wells Fargo's inquiries.
>
> 3. On May 30, 2018, Wells Fargo filed a Motion and Brief in Support of Summary Judgment, seeking dismissal of the lawsuit (Doc. 12-14). Plaintiff's response to the Motion and Brief in Support of Summary Judgment was due on June 20, 2018. To date, Plaintiff has not filed a response to Wells Fargo's Motion and Brief in Support of Summary Judgment, nor has she served any discovery, or otherwise taken any action towards prosecuting her claims.

Joint Status Report 1-2 (Doc. 17).

## II. Legal Standard—No Response Summary Judgment Motion

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine"

if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136

**Memorandum Opinion and Order – Page 3**

F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

As noted, Plaintiff filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, Plaintiff's pleadings are verified because she presented testimony by way of an affidavit, which is attached to her pleadings, and the court must consider it, as it is part of the record.

## III. Analysis

Defendant moves for summary judgment, contending that the case has been rendered moot by Plaintiff's sale of the property. Defendant also contends that Plaintiff lacks privity with the mortgage. Alternatively, Defendant contends that any claim for wrongful foreclosure fails, as Texas

law does not recognize a cause of action for attempted foreclosure, and there was no defect in the foreclosure proceedings. Defendant contends that Plaintiff's claim for breach of contract fails because there is no evidence of the essential elements for this claim. Defendant asserts that Plaintiff is not entitled to injunctive relief because she has not asserted any valid underlying cause of action.

Even taking into consideration Plaintiff's affidavit, the court determines that Defendant is entitled to summary judgment on all of Plaintiff's claims and requests for relief. Plaintiff alleges in her Original Petition that "[t]his is a suit to enjoin and restrain an improperly noticed foreclosure sale." Orig. Pet. ¶ 9. The parties' Joint Status Report, which was signed by both parties' counsel, also indicates that no foreclosure on the property ever took place because the property was sold in January 2018, and the mortgage on the property was paid off. Further, as the parties' Joint Status Report indicates that Plaintiff has not served any discovery or otherwise taken any action towards prosecuting her claims, the court determines that all relief sought by her in this action, except for her request to recover costs of court, is moot, even though Plaintiff did not respond to Defendant's inquiry about dismissal of the lawsuit and has not moved to voluntarily dismiss the lawsuit in light of the foregoing events. Additionally, Plaintiff does not allege that she suffered any damages as a result of Defendant's conduct; she does not specifically seek to recover any damages as result of Defendant's conduct, and there is no evidence that she suffered any damages as a result of Defendant's conduct. Defendant also correctly notes that Texas law does not recognize a claim for attempted foreclosure. Accordingly, for all of these reasons, the court will grant Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Doc. 12).

## IV. Conclusion

For the reasons stated, the court determines that all relief sought by Plaintiff in this action is moot, and, even if not moot, no genuine dispute of material fact exists regarding the requisite elements of Plaintiff's breach of contract claim against Defendant or the requirements for injunctive relief sought by her. The court, therefore, **dismisses with prejudice** this action and will issue judgment by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 30th day of November, 2018.

Sam A. Lindsay
United States District Judge